## THE CITY OF BROOKLYN, APPELLANT, *v.* THE NEW YORK FERRY COMPANY, RESPONDENT.

*City—control of it over its streets and piers—it cannot restrain an owner from using adjoining property.*

APPEAL from an order of the Special Term, denying plaintiff's motion for an injunction.

The action is brought to restrain the defendant from building adjacent to a pier at the foot of South Sixth street, Brooklyn.

The defendant was the owner of a tract of upland, between First street and the East river, the northerly boundary of which is the center line of South Sixth street, and a line in continuation thereof into the East river. On December 11, 1879, the defendant obtained by grant from the People of the State, the title to all the land under water extending to the exterior pier line and to the center line of South Sixth street prolonged into the river.

The village of Williamsburgh, to whose rights the plaintiff succeeds, opened South Sixth street as a public street to the East river, its boundary. A few years ago the plaintiff constructed a pier, of which forty-eight feet on the south side is within the bulkhead line, and but seventy-six feet beyond that line. The pier line, as established by law, and the exterior boundary of the grant of the State to defendant, is one hundred and eighty-one feet six inches beyond the plaintiff's pier head. The pier as constructed by plaintiff is less than forty feet wide. The work prosecuted by defendant and sought to be enjoined, is : 1. The filling in of its own lands, not

in the street, but adjacent to it, to the bulkhead line or line of solid filling. 2. The widening of the pier by constructing less than twenty-two feet of dock on the south side. 3. The extension of the whole pier, so far as the same is on defendant's land, to the line authorized by the State for that purpose, to wit, the permanent pier line. The defendant concedes the right of the plaintiff to have the street extend not only over the pier now constructed, but over any extension that the defendant may construct.

The court, at General Term, said: "The plaintiff's duty as guardian of public highways within its limits is simply to see that the public have free passage over them; that the same are unobstructed and fit for travel. No right whatever is given over the limits which adjoin it, and which in fact belong to others. If this action was based upon an injury to a highway which did not end at the East river, there would be no question but that the defendant might use its adjoining property in its own way, if the highway was left untouched. The street does end at the East river, and the highway extends over an erection or pier into the same. I do not think that this gives the city as pier owner a right to restrain the defendant's use of its property adjoining. As to the city, the street is simply a street, although vessels can load and unload at each side of it, if the city has no title to the lands under water, and the defendant has such title. The pier being erected by defendant does not infringe the law of 1857 (L. 1857, ch. 763). The street and the pier of defendant do not together exceed seventy feet in width, and there is at least one hundred feet of water space between it and the next pier on the south."

*John D. Pray*, for the appellant.

*Theodore Jackson* and *Edgar M. Cullen*, for the respondent.

Opinion by BARNARD, P. J.; GILBERT and DYKMAN, JJ., concurred.

Order refusing to continue injunction affirmed, with costs and disbursements.